ACCEPTED
03-14-00505-CV
6106161
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/16/2015 5:41:15 PM
JEFFREY D. KYLE
CLERK

03-14-00505-CV

# IN THE COURT OF APPEALS
## THIRD DISTRICT OF TEXAS
## AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/17/2015 2:44:15 PM
JEFFREY D. KYLE
Clerk

## JERRY HOFROCK

Appellant

Vs.

## JUDY HORNSBY

Appellee

## APPELLANT'S BRIEF

JERRY HOFROCK
1601 Eagle Wing
Cedar Park, Texas 78613

# IDENTITY OF PARTIES AND COUNSEL

Appellant:                          Jerry Hofrock
                                    1601 Eagle Wing
                                    Temple, Texas 78613


Appellee:                           Judy Hornsby


Attorneys for Appellee              Justin Bradford Smith

                                    John Eric Stoebner
                                    2106 Birdcreek Drive
                                    Temple, Texas 76502

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL...........................................ii

TABLE OF CONTENTS...........................................................iii

TABLE OF AUTHORITIES.......................................................iv

STATEMENT OF THE CASE.....................................................1

STATEMENT OF JURISDICTION.................................................1

ISSUES PRESENTED............................................................1

STATEMENT OF FACTS.........................................................1

SUMMARY OF THE ARGUMENT...............................................3

ARGUMENTS AND AUTHORITIES............................................4

ISSUE 1: Did Appellant suffer as a result of Ineffective Counsel...............4

ISSUE 2: Did the Court err when it ignored Appellant's

hard of hearing disability......................................................5

ISSUE 3: Did the Court err when it awarded attorney's fees....................6

PRAYER.........................................................................8

CERTIFICATE OF SERVICE....................................................8

CERTIFICATE OF COMPLIANCE...............................................9

APPENDIX.......................................................................10

# TABLE OF AUTHORITIES

## Cases

*Burleson State Bank v. Plunkett,* 27 S.W.3d 605, (Tex.—App., Waco, 2000.)...7

*Greenway Bank & Trust v. Smith,* 679 S.W.2d 592, 596
(Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). ………………….……..7

*Vinewood Capital, LLC v. Sheppard Mullin Richter & Hampton, LLP,*
No. 4:10-CV-220-Y, (U.S.Dist.Ct., N.D., Texas Fort Worth Division, 2010)...8


## Codes

Tex.Bus.& Comm. Code §27.01……………………………………………4, 6, 7

American Disability Act……………………………………………………….1, 6

## Texas Constitution

Art. 1, Sec. 19……………………………………………………………….....1, 6

Art. 5, Sec. 1……………………………………………………………………..1

Art. 5, Sec. 6……………………………………………………………………..1

Art. 1, Sec. 10…………………………………………………………………...6

## STATEMENT OF THE CASE

The underlying action was a suit brought by Judy Hornsby, in which she alleged fraud, unjust enrichment and suit for quiet title against Appellant, Jerry Hofrock. No jury trial was requested and the case was adjudicated at a bench trial. The court ruled in favor of Ms. Hornsby.

## STATEMENT OF JURISDICTION

This court has jurisdiction to hear the case pursuant to Texas Constitution Art. 1, Sec. 19, Art. 5, Sec. 1, Sec. 6, and American Disability Act.

## ISSUES PRESENTED

Issue No. 1:     Did Appellant suffer as a result of ineffective counsel?

Issue No. 2:     Did the Court err when it ignored Appellant's hard of hearing disability?

Issue No. 3:     Did the Court err when it awarded attorney's fees?

## STATEMENT OF FACTS

In 2009, Appellant was approached by Hornsby for help in saving her property that was close to foreclosure. Hornsby held title to approximately 10 acres, 5 acres with improved property and 5 acres of unimproved land. The unimproved land was not encumbered with a lien. Hornsby told Appellant that she wanted to be rid of the property without incurring a deficiency to the mortgage company and without suffering a foreclosure. She required no profit from the sale, only that the property did not undergo foreclosure.

Appellant agreed to assist Hornsby in a short sale, but because the property was badly deteriorated, Appellant knew that it would cost close to $100,000 to bring the property up to marketable value. In the state in which Appellant first viewed the property, he knew that even with a reduced rate of pay back to the mortgage company that the property would not sell for the amount owed. The property was in a state of disrepair. Hornsby told Appellant that she had no money to contribute for repairs. Appellant determined that he could fix up the property, pay off the note at a short sale and gain a profit by selling the unencumbered land, which would reimburse him for costs expended in fixing Hornsby's property to sell. In order to be protected, Appellant had Hornsby deed the property to him and give him power of attorney to work with the mortgage company.

Appellant moved a crew into the property so they could be on premises and work full time. Appellant had paid close to $80,000 from his own pocket towards the renovation when Hornsby returned from out of state, forced her way back onto the property, thus breaching their contract, and called a halt to the reconstruction. The property was subsequently foreclosed.

The deed which Hornsby signed over to Appellant included the encumbered property and the 5 acre plot which was not encumbered. Had Appellant been allowed to sell the 5 acre plot, he could have recouped part of the money which he had already expended. Instead, Hornsby sued him.

When Appellant was served, he wrote a letter to the court informing it that he was in the process of hiring an attorney. **C.R. p. 35**. Appellant's letter, which he filed in district court, stated he had a defense and a possible counterclaim. Then Appellant hired an attorney, Leonard F. Green. Mr. Green filed only a general denial and nothing else. When the amended petition added unjust enrichment after the statute of limitations had run on that cause of action, the attorney did not file a verified denial and raise the defense of the statute of limitations.

## SUMMARY OF THE ARGUMENT

It is clear from the clerk's record and the reporter's records that Appellant suffered from two disabilities, 1) an incompetent attorney and 2) failure to hear the trial clearly.

The only credible work that Mr. Green contributed to Appellant was the Defendant's Final Argument filed May 16, 2014. **C.R. 81-91**, which clearly narrates the truth of the transaction.

It is also clear from Hornsby's testimony that she put no money whatsoever in the repair of the property, which would leave only Appellant's expenditures for repairs, utilities and taxes. Why would a man enter into an agreement in which he paid to improve another person's property, put his own money into the venture and expected nothing in return? He wouldn't, and he didn't.

The award of attorney's fees is judicial error as none of the actions meet the criteria of Tex.Bus.& Comm. Code §27.01.

Appellant bought and paid for the unencumbered 5 acre tract which was deeded to him and suffered injury when the court ruled against him.

## ARGUMENTS AND AUTHORITIES

## ISSUE 1

## DID APPELLANT SUFFER AS A RESULT OF INEFFECTIVE COUNSEL

Mr. Green never filed a counterclaim for breach of contract or quantum meruit for the extensive work that Appellant had performed, nor did he prove up justifiable reliance or a substantial change in his position based on his reliance upon Hornsby's promises, assurances, and representations.

Mr. Green did not raise equitable estoppel. Appellant could not win without proper pleadings, and the matter was settled by bench trial, so a jury never heard nor determined the underlying facts. Unpled causes of action or defenses that are not pled or sworn to or verified as required under the rules will never win in court, as they are never presented.

Mr. Green did not present any expert witnesses.

Although Mr. Green attached as Exhibit D, some contractor estimates and bills, pool expenses and other invoices, the documents were not properly presented. There was no offer of proof nor was there a business records affidavit.

The case opinions on hearing disabilities in Texas deal with the violation of Art. 1 Sec. 10, which enumerates rights in a criminal action. However, when one is subject to loss of property, and make no mistake, Appellant had close to $100,000 at stake in this case, to deprive him of assistive listening device is imposing an unnecessary disability upon him. To try him with no listening device is a violation of the Texas Constitution Art. 1, Sec. 19 and the Americans with Disabilities Act.

Appellant claims that the court is in violation of the Americans with Disabilities Act by not supplying Appellant with an assistive listening advice.

In reading the transcript, Appellant is aware that there were many discrepancies in the testimony of Hornsby and her attorney, but he did not clearly hear any of the proceedings in the courtroom and therefore could not alert his attorney to the misrepresentations.

## ISSUE 3

## DID THE COURT ERR WHEN IT AWARDED ATTORNEY'S FEES

Attorney's fees cannot be awarded on the basis of Texas Business and Commerce Code, Section 27.01. First, Hornsby's pleadings to not claim fraud as it applies to Tex.Bus.& Comm.Code, §27.01, that code does not apply and cannot be used as a means to obtain attorney's fees.

The statute of limitations on unjust enrichment at most is two years. Plaintiff amended her petition and claimed unjust enrichment. The contract between Appellant and Hornsby was dated November 3, 2009. The unjust enrichment claim was pled on April 21, 2014.

Mr. Green never had Appellant submit all his expenditures for the case, nor did Mr. Green prepare Appellant's testimony for trial.

There is no question that Appellant did not have competent counsel.

## ISSUE 2

## DID THE COURT ERR WHEN IT IGNORED APPELLANT'S HARD OF HEARING DISABILITY

It is obvious from the transcript that Appellant has a hearing impairment, yet, no accommodation was made for said problem.[1] The transcript is replete with mentions of his inability to hear properly. Although the courtroom is equipped with assisted hearing devices, none was offered to Appellant. The only accommodation made by the judge was to offer to turn up the volume on the speakers. As a result, Appellant suffered a disability through the entire trial as he could not hear nor contribute to his case.

---

[1] Rather than cite the exact page and lines in the transcript where it is obvious Appellant cannot hear, Appellant refers to the transcript in its entirety to show Appellant could not properly hear.

Section 27.01 only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock. A loan transaction, even if secured by land, is not considered to come under the statue. *Greenway Bank & Trust v. Smith,* 679 S.W.2d 592, 596 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Because there was neither a contract for, nor a sale of, loan or stock between the parties involved in this case, §27.01 does not apply, and therefore attorney's fees under this section cannot be awarded. *Burleson State Bank v. Plunkett,* 27 S.W.3d 605, (Tex.—App., Waco, 2000.)

Hornsby did not sell her property to Appellant, she conveyed it to him as security for his performance of the contract between the two of them, which was: Appellant was to pay for reconstruction and repair of the property in order to be able to perform a short sale on Hornsby's property so she would not be subject to foreclosure. Appellant breached the contract, stopped the work and allowed the foreclosure to occur after Appellant had paid for most of the repairs and work on the property.

Hornsby did not allege any facts to show she suffered injury as a result of the alleged misrepresentation regarding the contractual arrangements with Appellant. Injury is an essential element of a fraud claim. Hornsby's property was set for foreclosure before she met Appellant, and Hornsby's property was

foreclosed. *Vinewood Capital, LLC v. Sheppard Mullin Richter & Hampton, LLP*, No. 4:10-CV-220-Y, (U.S.Dist.Ct., N.D., Texas Fort Worth Division, 2010).

Appellant was the only party injured.

## PRAYER

Appellant prays that this Court find in Appellant's favor, reverse the judgment of the Bell County Court and render a judgment in favor of Appellant that he was injured by not having a hearing assistance device, and he was the one who suffered injury, and that attorney's fees cannot be awarded under the Tex.Bus. & Comm. Code whereby they were brought.

Respectfully submitted,

Jerry Hofrock
1601 Eagle Wing Drive
Cedar Park, Texas 78613

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of Appellant's Brief was sent by U. S. Postal Service on July 13, 2015 to:

John Stoebner
2106 Birdcreek Drive
Temple, Texas 76502

# CERTIFICATE OF COMPLIANCE

I, Jerry Hofrock, certify that the word count in this brief is 1,935 words.

_Jerry Hofrock_

APPENDIX

JUDGMENT FROM DISTRICT COURT



# ORIGINAL

## No. 253,616-C

| | | |
|---|---|---|
| JUDY HORNSBY,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | BELL COUNTY, TEXAS |
| JERRY HOFROCK,<br>Defendant. | §<br>§<br>§ | 169th JUDICIAL DISTRICT |

### JUDGMENT

On May 5, 2014, the above case was called for trial. Plaintiff, Judy Hornsby, appeared in person and through her attorney and announced ready for trial. Defendant, Jerry Hofrock, appeared in person and through his attorney and announced ready for trial.

All matters in controversy, legal and factual, were submitted to the Court for its determination. The Court heard evidence and arguments of counsel and through a Memorandum Ruling dated May 23, 2014, announced its decision for Plaintiff. Plaintiff filed a motion for judgment based on the court's decision.

The Court hereby RENDERS judgment for Plaintiff.

The Court ORDERS the rescission and cancellation of all documents purporting to convey any interest from Plaintiff to Defendant in the real property that is the subject of this cause. These documents include: (1) a Special Warranty Deed With Vendor's Lien dated November 3, 2009, filed as Instrument No. 2010-00010120 in the real property records of Bell County, Texas, a copy of which is attached hereto as Exhibit "A"; (2) a Special Warranty Deed With Vendor's Lien dated November 3, 2009, filed as Instrument No. 2011-00033904 in the real property records of Bell County, Texas, a copy of which is attached hereto as Exhibit "B"; (3) a Deed of Trust dated November 3, 2009, filed as Instrument No. 2010-00010121 in the real property records of Bell County,

**FINAL JUDGMENT**
Cause No. 253,616-C



SCAN
7-21-14
Page 1 of 2



Texas, a copy of which is attached hereto as Exhibit "C"; and (4) an Affidavit and Memorandum of Agreement Concerning Real Estate, filed as Instrument No. 2009-00041841 in the real property records of Bell County, Texas, a copy of which is attached hereto as Exhibit "D".

Plaintiff requested reasonable attorney fees under Section 27.01 of the Texas Business and Commerce Code. Plaintiff offered evidence at trial proving reasonable and necessary attorney fees in the amount of $13,701.09. The Court finds that Defendant committed fraud in a real estate transaction and therefore ORDERS that Defendant shall pay Plaintiff $13,701.09 for attorney fees, and that Plaintiff shall recover from Defendant post-judgment interest on any unpaid sums in the amount of 5% per year from the date of judgment until paid.

The Court further ORDERS that Plaintiff recover all costs of court from Defendant.

This judgment is final and disposes of all claims and all parties and is appealable.

All relief not expressly granted by this judgment is denied.

The Court orders that execution issue for this judgment.

SIGNED ON _____18th_____ day of _____July_____, 2014.


_____
PRESIDING JUDGE